CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 0 2009

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY D. DREW,<br>　　Petitioner, | Civil Action No. 7:09-cv-00331 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON.<br>　　Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Troy D. Drew, a Virginia prisoner proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his pleading, Drew argues that Gene M. Johnson violated the First Amendment and the Religious Land Use and Institutionalized Persons Act by failing to accommodate Drew's Rastafarian religious dietary laws which require a vegan diet, the Due Process Clause by failing to transfer him to another facility, and the Equal Protection Clause by failing to provide him with "equal commissary rights and holiday sucure [sic] packages." As relief, Drew asks the court to order Johnson to provide Drew with a vegan diet, transfer Drew to another facility, and provide Dew with commissary and holiday secure packs. The court finds that these claims are not properly raised in a habeas corpus proceeding, and therefore, dismisses his petition.[1]

A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of his confinement. Todd v. Baskerville, 712 F.2d 70, 71-72 (4th Cir. 1983). If the core of the complaint concerns the fact or length of confinement, then the pleading is properly considered

---

[1] Moreover, even if his claims were proper in a § 2254 proceeding, Drew's judgment of conviction was entered in the Circuit Court of the City of Portsmouth, Virginia, located in the Eastern District of Virginia. Therefore, the court would have transferred a properly brought § 2254 petition to the Eastern District of Virginia. However, inasmuch as his claims are not properly brought in habeas, the court declines to transfer the action. Furthermore, court records indicate that Drew has already filed several § 2254 petitions in the Eastern District of Virginia, and thus, his petition would likely be successive.

as a habeas petition. Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to 42 U.S.C. § 1983 (by state prisoners) or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (by federal prisoners). Nelson v. Campbell, 541 U.S. 637, 643 (2004); see also Muhammed v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (Describing the difference between a habeas claim and civil rights claim). In this case, Drew is not challenging the fact or length of his confinement and he does not seek release, or even earlier release, as relief. Accordingly, the court finds that his claims are not properly raised in a petition for writ of habeas corpus.

While Drew's claims would be properly considered in a civil rights action pursuant to 42 U.S.C. § 1983, the court declines to construe his petition as such inasmuch as Drew has failed to comply with the pre-filing injunction issued against him in Civil Action No. 7:02cv00542 on May 2, 2008. The pre-filing injunction requires, among other things, that in a civil rights action, Drew must either pre-pay the filing fee or demonstrate that he is under imminent danger of serious physical harm. Drew has neither prepaid the fee nor demonstrated requisite danger. Accordingly, his pleading does not comply with the pre-filing injunction and the court will not construe his pleading as a § 1983 action.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to Drew.

ENTER: This /0th day of August, 2009.

United States District Judge